FILED
United States Court of Appeals
Tenth Circuit

July 29, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FLOYD PRESTON MILLER, III,

Defendant - Appellant.

No. 18-7059
(D.C. No. 6:17-CR-00075-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **EID**, Circuit Judges.

_____

Appellant Floyd Miller appeals his conviction under Title 18, U.S. Code, section

2422(b), arguing the district court constructively amended the indictment against him in

violation of the Fifth and Sixth Amendments. He contends the district court's jury

instruction regarding how to convict him under section 2422(b) introduced a theory of

guilt separate from what was presented in the original indictment, thereby preventing him

from presenting a proper defense. But because Miller fails to show a reasonable

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

probability that the contested jury instruction changed the outcome of the trial, we uphold Miller's conviction and affirm the district court's judgment.

## I.

In November 2015, Miller—who at the time was 36 years old—"met" a girl in an internet chat room and eventually exchanged sexual messages and pictures with her. Two weeks later, the girl informed Miller that she was 15 years old. In the next several months, Miller sent the girl pictures of his penis and videos of him touching himself. He also asked her to send him pictures of her genitals and videos of her masturbating. She complied.

Miller was eventually charged with violating Title 18, U.S. Code, section 2422(b). This crime includes four elements: (1) use of a means of interstate commerce; to (2) knowingly; (3) persuade, induce, entice, or coerce a minor; to (4) engage in sexual activity for which any person can be charged with a crime. 18 U.S.C. § 2422(b). According to the indictment, the "crime[s]" with which Miller could have been charged included Title 21, Oklahoma Statutes, section 1123 for lewd or indecent proposals or acts with a child; and Title 21, Oklahoma Statutes, section 1021.2 for procuring participation of a minor in child pornography.

In its instructions to the jury at trial, the district court discussed relevant criminal offenses that could satisfy the fourth element of Title 18, U.S. Code, section 2422(b). It first discussed the two Oklahoma statutes listed in the indictment. The court instructed the jury that Title 21, Oklahoma Statutes, section 1021.1 makes it a crime to "procure or cause the participation of any minor . . . in any child pornography." ROA at 27. It also

2

noted that Title 21, Oklahoma Statutes, section 1123(A)(5)(c) makes it a crime to "cause, expose, force or require a child to look upon the body or private parts of another person." *Id*.

The court then discussed two federal statutes—not listed in the indictment—that could satisfy the fourth element of Title 18, U.S. Code, section 2422(b). It instructed the jury that Title 18, U.S. Code, section 2427 makes it a crime to produce child pornography. *Id*. at 27–28. It then noted that Title 18, U.S. Code, section 2251(a) makes it a crime to "employ, use, persuade, induce, or entice any minor to engage in sexually explicit conduct for the purpose of producing [a] visual depiction of such conduct." *Id*. at 28.

The jury convicted Miller for violating section 2422(b). Miller appeals this conviction, arguing that the district court's jury instruction constructively amended his indictment by describing the two federal statutes, in addition to the two Oklahoma statutes listed in the indictment, when discussing whether Miller's conduct was "criminal." He contends this alleged constructive amendment expanded the basis for which he could be convicted at the close of trial, and thus denied him the opportunity to present a defense.

## II.

Constructive amendments occur when the jury instructions and trial evidence together "alter[] the indictment as to charge a different offense from that found by the grand jury." *U.S. v. DeChristopher*, 695 F.3d 1082, 1095 (10th Cir. 2012) (quotations omitted). "The specific inquiry is whether the jury was permitted to convict the

defendant upon 'a set of facts distinctly different from that set forth in the indictment.'"

*Hunter v. State of N.M.*, 916 F.2d 595, 599 (10th Cir. 1990) (quoting *U.S. v. Chandler*, 858 F.2d 254, 257 (5th Cir. 1988)).

This court reviews "claims of constructive amendment raised for the first time on appeal under the plain error standard." *U.S. v. Brown*, 400 F.3d 1242, 1253 (10th Cir. 2005). To establish plain error, Miller must show "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

We hold that Miller's constructive amendment claim does not warrant reversal. Even assuming the trial court's jury instruction constructively amended the original indictment, Miller has not shown it affected his substantial rights. He thus fails to satisfy the third prong of plain error review. We therefore "affirm on this ground without reaching the question of whether" the other aspects of his claim hold merit. *U.S. v. Lacy*, 904 F.3d 889, 894 (10th Cir. 2018).

Under the third prong of plain error review, Miller must demonstrate that the additional jury instruction affected his substantial rights. To do this, he must establish a "reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *U.S. v. Miller*, 891 F.3d 1220, 1237 (10th Cir. 2018) (quotations and citation omitted).

But Miller fails to establish a reasonable probability that the jury instruction changed the outcome of his trial. The contested jury instruction pertained only to the fourth element of Title 18, U.S. Code, section 2422(b), which regarded whether the

4

sexual activity at issue was criminal. When instructing the jury on how to decide if Miller's sexual activity was criminal, the trial court noted four relevant statutes under which Miller could have potentially been charged: the two Oklahoma statutes from the indictment, and two federal statutes. Miller contends that by mentioning the two federal statutes in its jury instructions, the trial court expanded the avenues under which the jury could convict him. He uses this contention to argue that the jury likely would not have found his conduct to be criminal under Oklahoma law, and instead would have convicted him only on the basis that his conduct was criminal under the federal statutes.

However, Miller does not identify any material differences between the Oklahoma laws in the indictment and the federal laws provided to the jury. First, regarding child pornography, the jury instruction noted that Title 21, Oklahoma Statutes, section 1021.1 makes it a crime to "procure or cause" a minor to participate in child pornography. ROA at 27. The instruction also noted that Title 18, U.S. Code, section 2427 makes it a crime to produce child pornography, and section 2251(a) makes it a crime to "employ, use, persuade, induce, or entice any minor to engage in sexually explicit conduct for the purpose of producing [a] visual depiction of such conduct." *Id*. at 28. But Miller does not show why his requesting and receiving nude videos—facts he concedes—from his 15-year-old victim were criminal under the federal child pornography and explicit conduct laws, but not under the Oklahoma variant. Neither can he show that the jury likely found him culpable under the federal laws for sending nude photos of himself— another fact he concedes—to his victim, but not under Title 21, Oklahoma Statutes,

5

section 1123(A)(5)(c), which makes it a crime to "cause, expose, force or require a child to look upon the body or private parts of another person." *Id*. at 27.

Miller also argues that one of the federal statutes mentioned in the jury instructions contains broader language than the Oklahoma statutes. He contends that the verbs "employ, use, persuade, induce, or entice" in Title 18, U.S. Code, section 2251(a) are broader than the verbs "procure or cause" in Title 21, Oklahoma Statutes, section 1021.1. Without needing to compare the scope of "cause" to that of "entice," we find his argument lacks merit because the allegedly broad language of the federal law appeared in the original indictment. Miller's initial charge under Title 18, U.S. Code, section 2422(b)—the only crime for which he was indicted and convicted—accused him of attempting to knowingly "persuade, induce, and entice" his victim to engage in "sexual activity." *Id*. at 10.

Because Miller cannot show how his conceded facts apply differently to the federal statutes than they do to the Oklahoma variants, he has not established that the federal statutes mentioned in the contested jury instructions broadened his chances of conviction. As such, he has not demonstrated a reasonable probability that the outcome of his trial would have been different without the contested jury instructions. Miller's constructive amendment claim thus fails on the third prong of plain error review and does not warrant reversal.

## III.

For the reasons stated above, we AFFIRM the district court's judgment and uphold Miller's conviction.

Entered for the Court


Allison H. Eid
Circuit Judge